FISHER, Circuit Judge,
dissenting in part:
I respectfully dissent from part 2 of the court’s decision. I would vacate summary judgment on Horita’s Title VII claim because she has demonstrated a triable issue of equitable tolling or equitable estoppel that would make her Equal Employment Opportunity Commission (EEOC) charge timely. See Bolker v. Comm’r, 760 F.2d 1039, 1042 (9th Cir.1985) (holding we may consider an issue raised for the first time on appeal “when the issue presented is purely one of law and ... depend[s] on the factual record developed below”). Assuming the employer’s decision to terminate Horita became actionable no later than October 5, 2005, the employer’s assurance that she would be reinstated if the human resources department remained in house tolled the filing period until she learned otherwise. See Aronsen v. Crown Zellerbach, 662 F.2d 584, 595 & n. 22 (9th Cir.1981) (explaining that tolling or estoppel may apply where “the employer’s conduct was found to hold out the possibility of reinstatement or otherwise to ‘lull’ the employee into foregoing a timely filing”).